IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMES RENWICK MANSHIP,

    Plaintiff,

v.                                                      Civil Action No. 3:16-cv-00884-JAG

VIRGINIA BOARD OF ELECTIONS, et al,

    Defendants.

## OPINION

This matter comes before the Court on the pro se plaintiff's *in forma pauperis* complaint. The plaintiff, James Renwick Manship, seeks an injunction ordering barring the Virginia Board of Elections from using electronic methods of casting and tabulating votes in the 2016 general election. Manship, however, lacks standing to bring his claims for injunctive relief because he has not established a likelihood of suffering from substantial or immediate harm in this case. Further, the facts and claims asserted in the complaint present a frivolous claim which the Court will dismiss. The plaintiff cannot rationally amend his complaint to state a valid claim. For the reasons stated below, therefore, the Court dismisses the complaint with prejudice.

### I. Background

Manship claims that flaws in hardware and software render Virginia's electronic election systems "tragically vulnerable and compromised from producing any honest vote tabulation." In support of his claims, Manship cites a C-Span panel on electronic voting machines as well as a number of blogs on the subject. The cited sources indicate that electronic voting systems across the United States may be rigged through a number of processes. Manship says that a person

could program the electronic systems to switch a vote for one candidate to a vote for another candidate. He also says that the systems could be manipulated to count some votes more than once and not count other votes at all. Further, Manship claims that increased voting rates in Arlington and Fairfax counties in 2012 demonstrate the existence of such voter fraud. Manship seeks an injunction under 42 U.S.C. § 1983, enjoining the Virginia Board of Elections from utilizing electronic voting systems in the 2016 general election cycle.

## II. Discussion[1]

### A. Federal Courts Have a Limited Role in Election Issues

The Court must proceed cautiously, because "[o]ur constitution does not contemplate that the federal judiciary routinely will pass judgment on particular elections for federal, state or local office" since "federal courts are ill-equipped to monitor the details of elections and resolve factual disputes born of the political process." *Hutchinson v. Miller*, 797 F.2d 1279, 1280, 1286 (4th Cir. 1986). Further, in cases brought on the eve of elections, a district court should remain mindful of limited time to fully assess the issues. *See Purcell v. Gonzalez*, 549 U.S. 1, 5–6, 127 S. Ct. 5, 8, 166 L. Ed. 2d 1 (2006) ("Given the imminence of the election and the inadequate time to resolve the factual disputes, our action today shall of necessity allow the election to proceed without an injunction."). The Court keeps these issues in mind when analyzing the plaintiff's claims.

---

[1] When interpreting a pro se complaint, the Court must afford the complaint a liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "[T]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

### B. *The Plaintiff Lacks Standing to Bring this Case*

As a preliminary matter, "[i]t has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554, 84 S. Ct. 1362, 1378, 12 L. Ed. 2d 506 (1964) (internal citations omitted). In order to establish standing, however, a plaintiff seeking an injunction to prevent a possible future deprivation of his constitutional rights under § 1983 must "establish . . . the likelihood of substantial and immediate irreparable injury . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S. Ct. 1660, 1666, 75 L. Ed. 2d 675 (1983). Even affording the complaint liberal construction, Manship simply fails to demonstrate the likelihood that Virginia's electronic voting system will incorrectly calculate his, or anyone else's, votes. First, the complaint alleges *possible* vulnerabilities in the electronic voting system and references past elections, but offers no plausible evidence to show that anyone has exploited or will exploit the alleged vulnerabilities in this election. Manship only asserts that two Virginia counties had higher-than-average voter turnout in 2012 to support his claim of ongoing fraud. Second, Manship fails to allege, either generally or specifically, who has exploited the vulnerabilities in Virginia's electronic voting system. These allegations, afforded liberal construction, fail to show a likelihood of harm to Manship's voting rights based on Virginia's electronic election system.

### C. *The Complaint Sets Forth Frivolous Claims*

Setting aside the plaintiff's lack of standing in this case, a district court may dismiss a case brought *in forma pauperis* at any time the court determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted" 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis in law or in fact." *McLean v. United States*, 566

3

3 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable.") (internal quotation marks omitted)). Although the complaint cites a C-Span panel of purported cyber-security experts discussing the possibility of voter fraud utilizing electronic systems, the complaint alleges only delusional facts to support his theory that Virginia currently faces such fraud. Manship claims that members of the government have refused to talk to him about his theories and that voter participation rates rose in two counties in 2012. Such claims do not amount to a showing of fraud in Virginia's electronic voting system and lack any factual basis in support of Manship's claims.

## IV. Conclusion

For the reasons stated above, Manship lacks standing to bring these otherwise frivolous claims.

The Court therefore DISMISSES the action with prejudice

Let the Clerk send a copy of this Opinion to the pro se plaintiff via U.S. Mail.

Date: November 3, 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge